**Sean David SENGENBERGER, Petitioner–Appellant,**

v.

**Ralph TOWNSEND, President, Idaho Board of Corrections, State of Idaho, Respondent–Appellee.**

No. 04–35664.

United States Court of Appeals, Ninth Circuit.

Dec. 12, 2006.

Sean David Sengenberger, Boise, ID, pro se.

T. Paul Krueger, II, Deputy Attorney General, Chief Capital Litigation Unit, L. Lamont Anderson, Esq., Office of the Idaho Attorney General, Boise, ID, for Respondent–Appellee.

Before MICHAEL DALY HAWKINS, M. MARGARET McKEOWN, and RICHARD A. PAEZ, Circuit Judges.

### ORDER

The State of Idaho, as the prevailing party, has filed a bill of costs for $301. Sean Sengenberger objects to the cost bill, primarily on the ground of his indigency.

■ We previously have noted that "courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases." *Stanley v. Univ. of So. Calif.*, 178 F.3d 1069, 1079 (9th Cir.1999). "Indigency is a factor that the district court may properly consider in deciding whether to award costs." *Id.* This same rationale applies with equal force to habeas corpus petitioners. There is, however, a countervailing consideration to be taken into account. The Antiterrorism and Effective Death Penalty Act and the Prison Litigation Reform Act were intended, in part, to ameliorate some of the costs to the states in defending against the tide of habeas petitions. We are concerned here, however, with costs on appeal. In habeas cases, the petitioner cannot take an appeal without obtaining a certificate of appealability (COA), which requires that such a certification may issue only upon a "substantial showing of the denial of the constitutional right" for each issue to be appealed. 28 U.S.C. § 2253(c)(2),(3). Thus, because there is a mechanism in place (the COA requirement) to monitor and preclude the taking of frivolous appeals, the award of costs is not required to discourage unmeritorious appeals.

■ With these principles in mind, we turn to the circumstances of this case, as we do not suggest that there is an absolute prohibition on costs in all circumstances. Sengenberger, the petitioner here, is indigent. The appeal presented substantial constitutional questions. To award costs against Sengenberger, given his financial status, would undermine the taking of meritorious appeals. The State of Idaho's bill of costs is denied.