FILED
United States Court of Appeals
Tenth Circuit

April 23, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENH CIRCUIT

---

RONALD R. VEAL,

      Petitioner-Appellant,

v.

JUSTIN JONES,

      Respondent-Appellee.

No. 09-6290
(D.C. No. 5:09-CV-369-F)
(W.D. Okla.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **MURPHY, GORSUCH,** and **HOLMES,** Circuit Judges.

---

Ronald R. Veal, an Oklahoma state prisoner, was found guilty in a prison disciplinary proceeding of "Individual Disruptive Behavior" (in his case, "running from or resisting apprehension within facility"), resulting in the loss of 365 earned sentence credits. Mr. Veal then filed in federal district court a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging his credits were revoked without due process. Specifically, he claimed the evidence didn't support a finding of resisting apprehension, but rather only a lesser charge,

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

such as destruction of evidence. The magistrate judge concluded that at least "some evidence" supported the disciplinary board's decision, *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985), and so recommended that Mr. Veal's petition be denied. Despite the magistrate judge's warning that failure to object would result in waiver of appellate review, Mr. Veal lodged no objection to her report and recommendation. The district court thus adopted the report and recommendation and denied Mr. Veal's habeas petition. Mr. Veal now seeks from us a certificate of appealability ("COA") to appeal this decision.

To appeal the denial of a habeas petition brought under § 2241, a state prisoner must first obtain a COA. 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000). A petitioner must meet a high standard to obtain a COA, which may issue only if the petitioner has made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Veal's burden is greater still, however, because he failed to object to the magistrate judge's report and recommendation. Our court has adopted a firm waiver rule, holding that "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). Still, this rule is inapplicable when

"(1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Id.*

To determine whether either of those circumstances exists here, this court ordered Mr. Veal to show cause why his appeal should not be dismissed on waiver grounds. But, so far as we can discern, Mr. Veal's response argues only the merits of his case rather than the waiver issue. We thus must conclude that he has failed to preserve any issue for appellate review.

Even so, as a *pro se* litigant Mr. Veal is nonetheless entitled to plain error review of his case. *See id.* at 1122. "Plain error occurs when there is (1) error (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1122-23. While we afford Mr. Veal's *pro se* pleadings a solicitous reading, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), in the end we are unable to say the district court committed error, let alone plain error, sufficient to warrant issuance of a COA. The simple fact is that, as the magistrate judge ably explained and the district court adopted, there was considerable evidence to support Mr. Veal's disciplinary conviction for resisting apprehension.

We deny Mr. Veal's application for a COA and dismiss his appeal. Further, because we agree with the district court's assessment that his appeal

lacks any good faith basis, *see* 28 U.S.C. § 1915(a)(3), we deny his motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge