HAROLD T. BANKS, JR. *v.* COMMISSIONER
OF CORRECTION
(SC 20621)

Robinson, C. J., and McDonald, D'Auria, Mullins and Ecker, Js.

*Syllabus*

The petitioner, who had been convicted of robbery in the first degree, filed
a petition for a writ of habeas corpus more than five years after the
date on which his judgment of conviction was deemed to be final.
Pursuant to statute (§ 52-470 (c) and (e)), the respondent, the Commis-
sioner of Correction, moved for an order to show cause why the petition
should not be dismissed as untimely. At a hearing on the motion, the
petitioner's habeas counsel argued that the petitioner's history of mental
health issues and his filing of his petition immediately after he received
certain medical records supported a finding of good cause, but counsel
did not present any evidence in support of that argument. The habeas
court dismissed the habeas petition, concluding that it was untimely
and that the petitioner, in failing to present some evidence supporting
the reason for the delay, did not rebut the presumption under § 52-470
(c) that no good cause existed to excuse his late filing. Thereafter, the
petitioner filed a petition for certification to appeal from the dismissal

[12] Because the trial court concluded that there was no final decision in a
contested case from which the plaintiff could appeal, it did not consider
the defendants' additional ground for dismissal, namely, that the plaintiff
was not aggrieved by the department's decision. See *High Watch Recovery
Center, Inc.* v. *Dept. of Public Health*, supra, 207 Conn. App. 407 n.13. On
remand, the trial court will have to consider this alternative ground for
dismissal offered by the defendants.

Banks *v.* Commissioner of Correction

of the habeas petition pursuant to § 52-470 (g), claiming that the habeas court had erred in finding that there was not good cause to allow his untimely petition to proceed. The habeas court denied the petition for certification to appeal, and the petitioner appealed to the Appellate Court, claiming that the habeas court had abused its discretion in denying his petition for certification to appeal because his habeas counsel had rendered ineffective assistance and because the habeas court had failed to fulfill an alleged duty to intervene to protect the petitioner's constitutional and statutory rights. Because those claims were not raised before the habeas court or included in his petition for certification to appeal, the petitioner sought review under the plain error doctrine or, alternatively, under *State* v. *Golding* (213 Conn. 233). The Appellate Court dismissed the appeal, however, concluding that the certification requirement in § 52-470 (g) bars appellate review of unpreserved claims in uncertified appeals under both the plain error doctrine and *Golding*. The Appellate Court reasoned that the habeas court could not have abused its discretion in denying the petition for certification to appeal when the petitioner did not distinctly raise his claims during the habeas proceeding or in his petition for certification to appeal. On the granting of certification, the petitioner appealed to this court.

*Held* that the Appellate Court incorrectly determined that § 52-470 (g) bars plain error and *Golding* review of claims that, although are not preserved in the habeas court or included in the petition for certification to appeal, challenge errors in the habeas court's handling of the habeas proceeding itself:

After reviewing its precedent on the certification requirement in § 52-470 (g), this court concluded that that provision does not restrict a reviewing court's authority to review unpreserved claims under the plain error doctrine or *Golding* after a habeas court denies a petition for certification to appeal, so long as the unpreserved claims challenge the habeas court's handling of the habeas proceeding itself and the appellant fulfills his or her burden of establishing that the unpreserved claims involve issues that are not frivolous, insofar as they are either debatable among jurists of reason, a court could resolve them in a different manner, or are adequate to deserve encouragement to proceed further.

Moreover, there was not a single case from this court in which it declined to review an unpreserved issue in an uncertified habeas appeal under the plain error doctrine or *Golding* on the ground that the issue had not been preserved in the habeas court or included in the petition for certification to appeal.

Although there was Appellate Court case law to the contrary, that case law was not long-standing, uniform, or consistent, and, to the extent that this court's conclusion was inconsistent with Appellate Court precedent holding that plain error and *Golding* review is unavailable for unpre-

347 Conn. 335　　　　JULY, 2023　　　　337

Banks *v.* Commissioner of Correction

served claims challenging the actions or omissions of the habeas court following the denial of a petition for certification to appeal, this court disavowed the reasoning of those cases.

Furthermore, this court's conclusion that plain error and *Golding* review is available for unpreserved claims challenging the actions or omissions of the habeas court was supported by the legislative history of § 52-470 (g), which demonstrated that the animating purpose of the certification requirement was to discourage frivolous habeas appeals while preserving the right to appellate review for meritorious claims.

This court's conclusion also was supported by the federal, statutory (28 U.S.C. § 2253) counterpart to § 52-470 (g), which does not preclude appellate review of unpreserved claims that are not included in a federal certificate of appealability, so long as the issues presented are not frivolous, affect substantial rights, and seriously impact the fairness, integrity, or public reputation of judicial proceedings, and was consistent with the important judicial policies animating the plain error doctrine and *Golding* review.

In addition, the realities of habeas litigation also supported this court's conclusion that § 52-470 (g) does not categorically bar plain error or *Golding* review of unpreserved claims challenging the habeas court's handling of the habeas proceeding itself, as § 52-470 (g) requires that the petition for certification to appeal be filed within ten days after the case is decided, the petition for certification often is filed without the assistance of counsel, and, given the short timespan within which to research, formulate, and present proposed appellate issues to the habeas court, it is reasonable to expect that colorable claims of plain or constitutional error will sometimes be omitted from petitions for certification to appeal.

In the present case, although the petitioner briefed and argued in the Appellate Court the issue of whether the habeas court abused its discretion in denying his petition for certification to appeal because his claim that the habeas court had failed to fulfill its alleged duty to intervene to preserve the petitioner's constitutional and statutory rights was debatable among jurists of reason, could be decided differently, and deserved encouragement to proceed, the Appellate Court did not address that issue before dismissing the petitioner's appeal, and, accordingly, this court reversed the Appellate Court's judgment and remanded the case to that court with direction to consider whether the petitioner had fulfilled his burden of establishing that his unpreserved claims challenging the habeas court's handling of the habeas proceeding itself were not frivolous.

(*Two justices dissenting in one opinion*)

Argued December 22, 2022—officially released July 25, 2023

Banks *v.* Commissioner of Correction

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to the Appellate Court, *Cradle, Alexander* and *Suarez, Js.*, which dismissed the appeal, and the petitioner, on the granting of certification, appealed to this court. *Reversed*; *further proceedings*.

*Deren Manasevit*, assigned counsel, for the appellant (petitioner).

*Sarah Hanna*, former senior assistant state's attorney, with whom, on the brief, were *Stephen J. Sedensky III*, former state's attorney, and *Leah Hawley*, former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

ECKER, J. This certified appeal requires us to determine whether a habeas court's denial of a petition for certification to appeal pursuant to General Statutes § 52-470 (g) precludes appellate review of unpreserved claims under the plain error doctrine or *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015), when those claims were not included in the petition for certification to appeal. We conclude that plain error and *Golding* review is available to challenge the habeas court's handling of the habeas proceeding itself, despite its denial of a petition for certification to appeal, if the appellant can demonstrate that the unpreserved claims involve issues that "are debatable among jurists of reason; that a court *could* resolve [them in a different manner]; or that [they] are adequate to deserve encouragement to proceed fur-

347 Conn. 335 JULY, 2023 339

Banks *v.* Commissioner of Correction

ther.'' (Emphasis in original; internal quotation marks omitted.) *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994) (*Simms II*). We therefore reverse the judgment of the Appellate Court dismissing the appeal filed by the petitioner, Harold T. Banks, Jr., and remand the case to that court for consideration of the petitioner's claims under the *Simms II* criteria.

On May 30, 2012, the petitioner was convicted of robbery in the first degree and sentenced to twelve years of incarceration. He did not file an appeal. More than five years later, on December 13, 2017, the self-represented petitioner filed a petition for a writ of habeas corpus challenging his conviction. The respondent, the Commissioner of Correction, filed a motion for an order to show cause why the petition should not be dismissed as untimely under § 52-470 (c), which provides in relevant part that "there shall be a rebuttable presumption that the filing of a petition challenging a judgment of conviction has been delayed without good cause if such petition is filed after the later of the following: (1) Five years after the date on which the judgment of conviction is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; [or] (2) October 1, 2017 . . . .'' See also General Statutes § 52-470 (e).

The habeas court conducted an evidentiary hearing on the respondent's motion, at which the petitioner was represented by Attorney Jonathan M. Shaw. At the evidentiary hearing, Attorney Shaw argued that good cause existed to excuse the petitioner's belated filing because the petitioner had "a long history of mental health issues . . . .''[1] The respondent's attorney objected,

_____

[1] At the hearing, Attorney Shaw stated that he "would just leave it to . . . what was stated in [the petitioner's] response to the motion [for an order to show cause].'' In that response, Attorney Shaw argued that good cause existed to excuse the petitioner's belated filing because the petitioner previously had filed a timely petition for a writ of habeas corpus, which allegedly was withdrawn on the advice of counsel. According to Attorney Shaw, "[t]he petitioner wished to refile the present action as soon as possible but needed

Banks *v.* Commissioner of Correction

stating that "[w]e don't have any evidence of that." The habeas court responded: "Understood. I think he's presenting argument. I mean, I'll allow him to do that." Attorney Shaw did not present any evidence but proceeded to argue that the petitioner "filed immediately after obtaining [certain medical] records in December of 2017, just a couple months after the deadline, and I believe there is good cause to allow his case to go forward." The respondent's attorney countered that the petitioner had failed to fulfill his burden of demonstrating good cause for the delay because "[e]very claim that [Attorney Shaw made was] unsubstantiated by any evidence, and the timeframe [spoke] for itself."

The habeas court thereafter issued a written memorandum of decision, dismissing the petitioner's petition for a writ of habeas corpus. The habeas court explained that the "petitioner had until October 1, 2017, to file the present petition; however, it was not filed until December 13, 2017." Given the statutory rebuttable presumption that no good cause existed to excuse the petitioner's late filing, and the petitioner's failure "to provide *some* evidence of the reason for the delay," the habeas court concluded that the petition for a writ of habeas corpus was not timely filed under § 52-470 (c). (Emphasis in original.)

Following the dismissal of his habeas petition, the petitioner filed a petition for certification to appeal, claiming that "the habeas court erred in finding that there was not good cause to allow [the] petition for [a writ of] habeas corpus to proceed on the grounds that he filed outside of the applicable time limits." The habeas court denied the petition for certification to appeal.

to obtain medical records from various mental health treatment facilities in the state of New York. . . . The petitioner received his requested records on or about December of 2017. . . . Upon receipt of the . . . records, the petitioner immediately refiled his petition for a writ of habeas corpus." No evidence was submitted at the hearing in support of these assertions.

Banks *v.* Commissioner of Correction

The petitioner appealed from the denial of his petition for certification to appeal to the Appellate Court. The petitioner claimed that the habeas court had abused its discretion in denying his petition for certification to appeal because (1) Attorney Shaw rendered ineffective assistance of counsel, thereby depriving the petitioner of his statutory right to counsel and his constitutional right to due process of law, and (2) the habeas court failed to fulfill an alleged duty to intervene to protect the petitioner's constitutional and statutory rights. The petitioner acknowledged that these claims were not preserved in the habeas court or included in the petition for certification to appeal but argued that appellate review was available under the plain error doctrine and *Golding*.

The Appellate Court dismissed the petitioner's appeal on the ground that the habeas court could not have abused its discretion in denying the petition for certification to appeal because the petitioner's claims were not distinctly raised in the habeas proceeding or included in the petition for certification. *Banks* v. *Commissioner of Correction*, 205 Conn. App. 337, 342, 345, 256 A.3d 726 (2021). The Appellate Court further concluded that the certification requirement in § 52-470 (g) bars appellate review of unpreserved claims in uncertified appeals under the plain error doctrine and *Golding*. Id., 343, 345. To conclude otherwise, the Appellate Court reasoned, would "[undermine] the goals that the legislature sought to achieve by enacting § 52-470 (g)" and "would invite petitioners, who have been denied certification to appeal, to circumvent the bounds of limited review simply by couching wholly unpreserved claims as plain [or constitutional] error." Id., 345. We granted certification to determine whether plain error or *Golding* review of unpreserved claims challenging errors in the habeas court's handling of the habeas proceeding itself is avail-

Banks *v.* Commissioner of Correction

able for issues not included in the petition for certification to appeal.[2]

Whether § 52-470 (g) precludes plain error or *Golding* review of unpreserved claims in uncertified appeals is a question of law, over which our review is plenary. See, e.g., *Goguen* v. *Commissioner of Correction*, 341 Conn. 508, 518, 267 A.3d 831 (2021). We begin our analysis with the language of § 52-470 (g), which provides that "[n]o appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

In ascertaining the meaning of § 52-470 (g), "we do not write on a clean slate, but are bound by our previous

---

[2] Specifically, we granted the petitioner's petition for certification to appeal, limited to the following two issues: (1) "Did the Appellate Court correctly interpret *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 911 A.2d 712 (2006), *Cookish* v. *Commissioner of Correction*, 337 Conn. 348, 253 A.3d 467 (2020), and other decisions of this court in concluding that plain error review of challenges to the habeas court's handling of the habeas proceedings is unavailable for any issue that is not included in the petition for certification to appeal?" And (2) "[d]id the Appellate Court correctly interpret *Mozell* v. *Commissioner of Correction*, 291 Conn. 62, 967 A.2d 41 (2009), *Moye* v. *Commissioner of Correction*, 316 Conn. 779, 114 A.3d 925 (2015), and other decisions of this court in concluding that review under *State* v. *Golding*, [supra, 213 Conn. 233], of challenges to the habeas court's handling of the habeas proceedings is unavailable for any issue that is not included in the petition for certification to appeal?" *Banks* v. *Commissioner of Correction*, 338 Conn. 907, 908, 258 A.3d 1281 (2021). The petitioner's ineffective assistance of counsel claims, which do not challenge the habeas court's handling of the habeas proceedings, are outside the scope of the certified issues.

Banks *v.* Commissioner of Correction

judicial interpretations of the language and the purpose of the statute.'' (Internal quotation marks omitted.) *Stratford* v. *Jacobelli*, 317 Conn. 863, 871, 120 A.3d 500 (2015); see *Hummel* v. *Marten Transport, Ltd.*, 282 Conn. 477, 501, 923 A.2d 657 (2007) (General Statutes § 1-2z did not overrule cases ''in which our courts, prior to the passage of § 1-2z, had interpreted a statute in a manner inconsistent with the plain meaning rule, as that rule is articulated in § 1-2z''). We first addressed § 52-470's certification requirement in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994) (*Simms I*). In that case, the petitioner, Floyd Simms, did not appeal from the habeas court's denial of his petition for certification to appeal but, instead, filed a writ of error that ''mirror[ed] the substantive and the procedural arguments that he presented to the habeas court.'' Id., 180. We dismissed Simms' writ of error for lack of jurisdiction because he had a right to appeal from the judgment of the habeas court, even if that right was qualified by the certification requirement. See id., 180–82. We determined that our lack of jurisdiction to review habeas appeals by way of a writ of error was ''entirely consistent with the manifest intention of the legislature, when it enacted [General Statutes (Rev. to 1993)] § 52-470 (b) [now codified as amended at § 52-470 (g)], to limit the opportunity for plenary appellate review of decisions in cases seeking postconviction review of criminal convictions.'' Id., 182. In arriving at this conclusion, we noted that ''[t]he unavailability of appellate review of habeas corpus proceedings by means of a writ of error does not leave a disappointed litigant remediless to obtain review of the merits of the habeas corpus judgment'' because, even if certification to appeal is denied, a disappointed litigant ''can nonetheless file an appeal in the proper appellate forum.'' Id., 186. We construed the certification requirement in § 52-470 to permit such an appeal if, as a predicate matter, the appellant could

Banks *v.* Commissioner of Correction

demonstrate that the "denial of certification to appeal was an abuse of discretion or that an injustice appears to have been done." Id., 189.

In *Simms II*, we addressed whether the language in § 52-470 providing that " '[n]o appeal . . . may be taken' was intended by the legislature as a limitation on the jurisdiction of the appellate tribunal or as a limitation on the scope of the review by the appellate tribunal." *Simms* v. *Warden*, supra, 230 Conn. 613. We noted that, although there was no right to appeal from the denial of a petition for a writ of habeas corpus at common law, an unconditional right of appeal had existed by state statute since 1882. See id., 614. Given the historical statutory right to appeal from the judgment of a habeas court, and, among other things, "the significant role of the writ of habeas corpus in our jurisprudence . . . we conclude[d] that the legislature intended the certification requirement only to define the scope of our review and not to limit the jurisdiction of the appellate tribunal." (Citations omitted.) Id., 614–15. Thus, appellate courts have jurisdiction to review an appeal from the denial of a petition for certification to appeal, provided that the petitioner "make[s] a two part showing": (1) that the denial of the petition for certification to appeal was an abuse of discretion, and (2) "[i]f the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." Id., 612.

In *Simms II*, we also addressed the standard a petitioner must meet to sustain his burden of demonstrating that the habeas court abused its discretion in denying a petition for certification to appeal. See id., 615. In light of the legislative purpose of the certification requirement "to discourage frivolous habeas appeals"; id., 616; we incorporated into § 52-470, "by analogy, the criteria adopted by the United States Supreme Court in *Lozada*

347 Conn. 335 JULY, 2023 345

Banks *v.* Commissioner of Correction

v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L.
Ed. 2d 956 (1991), in its analysis of the certificate of
probable cause to appeal that is part of the federal
statute governing habeas corpus,''[3] holding that ''[a]
petitioner satisfies that burden by demonstrating: 'that
the issues are debatable among jurists of reason; that
a court *could* resolve the issues [in a different manner];
or that the questions are adequate to deserve encourage-
ment to proceed further.' '' (Emphasis in original.) *Simms*
v. *Warden*, supra, 230 Conn. 615–16, quoting *Lozada* v.
*Deeds*, supra, 432. Accordingly, in an appeal under § 52-
470 (g), a petitioner can establish an ''abuse of discre-
tion in the denial of a timely request for certification
to appeal if he can demonstrate'' that his appeal ''is not
frivolous'' under ''one of the *Lozada* criteria . . . .''
*Simms* v. *Warden*, supra, 230 Conn. 616.

The statutory restriction on the scope of our appellate
review is limited to appeals in which certification to
appeal has been denied. In *James L.* v. *Commissioner
of Correction*, 245 Conn. 132, 136, 712 A.2d 947 (1998),
the habeas court granted certification to appeal, but
one of the issues raised on appeal was not included in
the petition for certification. We held that a disap-
pointed litigant may raise issues he did not include in
his petition for certification to appeal in light of the
purpose of the writ of habeas corpus ''to serve as a
bulwark against convictions that violate fundamental
fairness'' and our precedent narrowly construing the
certification requirement ''so as to preserve the commit-
ment to justice that the writ of habeas corpus embod-

[3] ''What had been known previously as a certificate of probable cause is
now called a certificate of appealability.'' 17B C. Wright et al., Federal
Practice and Procedure (3d Ed. 2007) § 4268.5, p. 509; see 28 U.S.C. § 2253
(c) (1) (2018) (''[u]nless a circuit justice or judge issues a certificate of
appealability, an appeal may not be taken to the court of appeals from . . .
(A) the final order in a habeas corpus proceeding in which the detention
complained of arises out of process issued by a State court; or (B) the final
order in a proceeding under section 2255'').

Banks *v.* Commissioner of Correction

ies.'' (Internal quotation marks omitted.) Id., 137. Once certification to appeal has been granted, ''[c]lose linguistic parsing'' of the language in the petition for certification to appeal would serve ''no good purpose,'' and ''appellate scrutiny of habeas proceedings might bring to light new issues [the] reviewability [of which] should not turn on the terms of the grant of certification.'' Id., 138. Accordingly, ''in the absence of demonstrable prejudice, the legislature did not intend the terms of the habeas court's grant of certification to be a limitation on the specific issues subject to appellate review.'' Id.

In *James L.*, the uncertified issue had been preserved in the habeas court, even though it had not been included in the petition for certification to appeal. Id., 136. In *Mozell* v. *Commissioner of Correction*, 291 Conn. 62, 67 and n.2, 967 A.2d 41 (2009), we considered whether, following the granting of certification, we could review under *Golding* and the plain error doctrine claims that had not been distinctly raised in the habeas proceeding. We rejected the notion that ''*Golding* review is inapplicable in all circumstances that arise from an appeal from the judgment of a habeas court,'' holding that, if a ''petitioner challenges the actions of the habeas court itself . . . *Golding* review is applicable.'' Id., 67 n.2.

Later, in *Moye* v. *Commissioner of Correction*, 316 Conn. 779, 114 A.3d 925 (2015), we elaborated on ''the extent to which unpreserved constitutional claims may be reviewed on appeal in habeas actions.''[4] Id., 780. We clarified that *Golding* review is not available to address claims that ''arose during [a petitioner's] criminal trial and should have been presented to the habeas court as an additional basis for granting the writ of habeas

_____

[4] Although it is not clear from our decision in *Moye*, the habeas court granted the petition for certification to appeal in that case. See *Moye* v. *Commissioner of Correction*, 147 Conn. App. 325, 328, 81 A.3d 1222 (2013), aff'd, 316 Conn. 779, 114 A.3d 925 (2015).

347 Conn. 335 JULY, 2023 347

Banks *v.* Commissioner of Correction

corpus." Id., 787. Instead, "*Golding* review is available in a habeas appeal only for claims that challenge the actions of the habeas court." Id. Limiting *Golding* review in habeas appeals to claims that challenge the actions or omissions of the habeas court "makes sense . . . because that is the first instance in which the petitioner could seek review of such a claim. From a procedural standpoint, raising on appeal an unpreserved constitutional claim that arose during a habeas trial is no different from raising on direct appeal an unpreserved constitutional claim that arose during a criminal trial. In both circumstances, the appellant is raising the unpreserved claim in the first possible instance." Id., 788–89.

Consistent with the history and purpose of the writ of habeas corpus and the certification requirement, we have not hesitated to review unpreserved issues challenging the habeas court's handling of the habeas proceeding itself, despite the petitioner's failure to identify those issues in the petition for certification to appeal, when the "denial of certification to appeal was an abuse of discretion or . . . an injustice appears to have been done." *Simms* v. *Warden*, supra, 229 Conn. 189. Recently, for example, in *Brown* v. *Commissioner of Correction*, 345 Conn. 1, 282 A.3d 959 (2022), we reviewed the petitioner's claim that he was entitled to notice and an opportunity to be heard prior to the habeas court's summary dismissal of his petition for a writ of habeas corpus under Practice Book § 23-29, even though that claim had not been raised in the habeas proceeding or included in the petition for certification to appeal denied by the habeas court.[5] See id., 5, 8. We held that

_____

[5] In *Brown*, the self-represented petitioner's petition for certification to appeal identified only the following issue: "The petitioner was never constitutionally properly 'CANVASSED' before the start of trial . . . ." *Brown* v. *Commissioner of Correction*, Conn. Supreme Court Briefs & Appendices, September Term, 2021, Petitioner's Appendix p. A13.

our rules of practice provide certain procedural safe-
guards prior to a dismissal under § 23-29, which include
"prior notice to the petitioner or the petitioner's counsel
and an opportunity to file a written response." Id., 14.
Given the habeas court's failure to comply with the
rules of practice prior to dismissing the petition, we
reversed and remanded the case to the habeas court
for further proceedings. Id., 18.

Our decision in *Brown* was neither novel nor anoma-
lous regarding appellate review of unpreserved claims
in uncertified appeals. Numerous additional cases also
demonstrate our willingness to review unpreserved claims
challenging the actions or omissions of the habeas court
when the alleged errors violate the petitioner's constitu-
tional rights or rise to the level of plain error, despite
the petitioner's failure to include those claims in the
petition for certification to appeal. See, e.g., *Cookish*
v. *Commissioner of Correction*, 337 Conn. 348, 358,
360–61, 253 A.3d 467 (2020) (habeas court abused its
discretion in dismissing habeas petition under Practice
Book § 23-29, even though claim was not preserved in
habeas proceeding or included in petition for certifica-
tion); *Ajadi* v. *Commissioner of Correction*, 280 Conn.
514, 525–31, 911 A.2d 712 (2006) (habeas judge's failure
to disqualify himself in violation of Code of Judicial
Conduct constituted plain error that was reviewable in
uncertified appeal); see also *Howard* v. *Commissioner
of Correction*, 217 Conn. App. 119, 126, 287 A.3d 602
(2022) (concluding, in light of *Brown*, that unpreserved
claim in uncertified appeal "involve[d] issues that
[were] debatable among jurists of reason, that a court
could resolve the issues in a different manner, and that
the questions [were] adequate to deserve encourage-
ment to proceed further"); *Foote* v. *Commissioner of
Correction*, 151 Conn. App. 559, 566–69, 96 A.3d 587
(reviewing unpreserved claim in uncertified appeal
under plain error doctrine), cert. denied, 314 Conn. 929,

347 Conn. 335　　　　JULY, 2023　　　　349

Banks *v.* Commissioner of Correction

102 A.3d 709 (2014), and cert. dismissed, 314 Conn. 929, 206 A.3d 764 (2014); *Melendez* v. *Commissioner of Correction*, 141 Conn. App. 836, 841–44, 62 A.3d 629 (same), cert. denied, 310 Conn. 921, 77 A.3d 143 (2013).[6]

---

[6] The dissenting opinion contends that these cases are distinguishable because "they did not involve claims of which the petitioner was aware, or should have been aware, before or during the certification process." This assertion is unfounded. In *Brown* v. *Commissioner of Correction*, supra, 345 Conn. 1, the petitioner knew or should have known when he filed his petition for certification to appeal that the habeas court had dismissed his habeas petition without providing him notice and an opportunity to be heard, but, nonetheless, he did not include this issue in his petition for certification. See footnote 5 of this opinion. Despite this omission and the habeas court's denial of the petition for certification to appeal, we addressed the issue on its merits. See *Brown* v. *Commissioner of Correction*, supra, 8–9. Similarly, in *Cookish* v. *Commissioner of Correction*, supra, 337 Conn. 348, the petitioner knew or should have known when he filed his petition for certification to appeal that the habeas court had dismissed his habeas "petition under [Practice Book] § 23-29 without first appointing him counsel and providing him with notice and an opportunity to be heard . . . ." Id., 350. Although the petitioner failed to include the issue in his petition for certification to appeal, we reviewed the propriety of the habeas court's dismissal of the petition under § 23-29 because "the court could have resolve[d] the [issue in a different manner] . . . ." (Internal quotation marks omitted.) Id., 361; see *Cookish* v. *Commissioner of Correction*, Conn. Supreme Court Briefs & Appendices, April Term, 2020, Petitioner's Appendix pp. A12, A15.

In *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 514, it is clear that our discussion of the petitioner's lack of knowledge of the habeas judge's improper participation in the habeas proceeding was not a predicate to our review of the petitioner's claim of plain error but, instead, a response to the respondent's claim that "the petitioner implicitly had consented to [the habeas judge's] improper adjudication of the [habeas] case pursuant to [General Statutes] § 51-39 (c)." Id., 530. We held that the petitioner had not waived the habeas judge's conflict of interest because "the petitioner was not present at the hearing . . . and did not become aware of the identity of the habeas judge until *after* the habeas proceedings had concluded completely." (Emphasis in original.) Id., 531. Under these circumstances, "the plain error doctrine [was] applicable . . . because a habeas judge's alleged[ly] improper failure to disqualify himself in violation of the Code of Judicial Conduct and our rules of practice strikes at the very core of judicial integrity and tends to undermine public confidence in the established judiciary." (Internal quotation marks omitted.) Id., 526.

In sum, our existing practice is to address nonfrivolous claims that the habeas court's handling of the habeas proceeding itself violated the petitioner's constitutional rights or constituted plain error that resulted in manifest

Banks *v.* Commissioner of Correction

On the basis of the foregoing precedent, we distill the following governing, legal principles that combine to resolve the issue at hand: (1) the certification requirement in § 52-470 (g) is construed narrowly to preserve the commitment to justice embodied in the writ of habeas corpus; (2) the certification requirement is not intended to preclude appellate review altogether, but only to discourage frivolous habeas appeals; (3) a habeas appeal is not frivolous if the issues are debatable among jurists of reason, a court could resolve the issues in a different manner, or the questions are adequate to deserve encouragement to proceed further; and (4) if an appeal is not frivolous, we have the authority to review claims raised for the first time on appeal under *Golding* and the plain error doctrine, even if those claims were not included in the petition for certification to appeal, so long as the claims challenge the actions or omissions of the habeas court.

Application of these principles leads us to conclude that § 52-470 (g) does not restrict our authority to review unpreserved claims under the plain error doctrine or *Golding* following a habeas court's denial of a petition for certification to appeal, so long as the appellants' claims challenge the habeas court's handling of the habeas proceeding itself and the appellant fulfills his or her burden of establishing that the unpreserved claims involve issues that are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) *Simms* v. *Warden*, supra, 230 Conn. 616. In other words, the appellant must demonstrate that the unpreserved and uncertified claims are nonfrivolous, which we define

injustice. To reverse course, as the dissenting opinion proposes, would require us to hold that the foregoing cases were wrongly decided. We reject that proposition.

Banks *v.* Commissioner of Correction

as raising a colorable claim of plain error or the violation of a constitutional right due to the actions or omissions of the habeas court. Only if the appellant "succeeds in surmounting that hurdle" will the appellate court review the appellant's unpreserved claims on the merits. Id., 612. As always, the appellant bears the ultimate burden of "demonstrat[ing] that the judgment of the habeas court should be reversed on its merits." Id.

To support its conclusion to the contrary, the dissenting opinion relies on "nearly thirty years of Appellate Court case law holding that claims not raised before the habeas court either prior to or during the certification process, such as in the petition for certification [to appeal], are unreviewable on appeal." We disagree with this assessment of the case law. As a preliminary matter, we note that there is not a single case from this court in which we have declined to review an unpreserved issue in an uncertified habeas appeal under the plain error doctrine or *Golding* on the ground that the issue had not been preserved below or included in the petition for certification to appeal. Indeed, we consistently have reviewed nonfrivolous, unpreserved claims in uncertified appeals. As for the Appellate Court case law, our review reveals that it is far from consistent or longstanding. As the dissenting opinion recognizes, "[t]he Appellate Court, in *Foote* v. *Commissioner of Correction*, supra, 151 Conn. App. 566–69, and *Melendez* v. *Commissioner of Correction*, [supra, 141 Conn. App. 841–44], afforded plain error review to claims that were not raised before the habeas court or listed in the petitioners' petitions for certification to appeal but, instead, were raised for the first time on appeal to the Appellate Court." More recently, in *Howard* v. *Commissioner of Correction*, supra, 217 Conn. App. 119, the Appellate Court reviewed the petitioner's unpreserved claim under the plain error doctrine, even though it was not articulated in the petition for certification to appeal

Banks *v.* Commissioner of Correction

denied by the habeas court,[7] because it "involve[d] issues that are debatable among jurists of reason, that a court could resolve . . . in a different manner, and that . . . deserve[d] encouragement to proceed further." Id., 126. Although there is Appellate Court case law to the contrary; see footnote 14 of this opinion; the lack of uniformity in the Appellate Court authority leads us to conclude that deference to the Appellate Court decisions cited in the dissenting opinion is unwarranted.[8]

In addition to our case law, the legislative history of § 52-470 (g) provides further support for our conclusion. As we pointed out in *Simms II*, the animating purpose of the certification requirement is to "discourage *frivolous* habeas appeals"; (emphasis added) *Simms* v. *Warden*, supra, 230 Conn. 616; while at the same time preserving the right of appellate review for meritorious claims. See 7 S. Proc., Pt. 5, 1957 Sess., p. 2936, remarks of Senator John H. Filer (certification requirement was intended to "reduce successive *frivolous* appeals in criminal matters and [to] hasten ultimate justice with-

---

[7] In *Howard*, the sole issue in the self-represented petitioner's petition for certification to appeal was that the petitioner was " '[d]issatisfied with [the habeas court's] decision.' " *Howard* v. *Commissioner of Correction*, supra, 217 Conn. App. 123–24. "[M]indful of [its] obligation to construe the pleadings filed by self-represented litigants liberally"; id., 126 n.6; the Appellate Court addressed whether the habeas court properly dismissed the petitioner's habeas petition pursuant to Practice Book § 23-29 without first providing the habeas petitioner with notice and an opportunity to be heard, even though this precise claim was not included in the petition for certification. See id., 120–21.

[8] It is unclear to us whether the lack of consistency in the Appellate Court authority is attributable to doctrinal disagreement regarding the reviewability of unpreserved issues in uncertified appeals or, alternatively, a sub silentio assessment of the merits of the issues raised on appeal. To the extent that it is the latter, we note that our conclusion today permits the Appellate Court expeditiously to dispose of frivolous claims in uncertified appeals if the issues raised are not debatable among jurists of reason, could not be resolved in a different manner, and do not deserve encouragement to proceed further.

347 Conn. 335          JULY, 2023          353

Banks *v.* Commissioner of Correction

out repetitive trips to the [Connecticut] Supreme Court'' (emphasis added)). During the legislative debate, a letter authored by former Chief Justice William M. Maltbie was read aloud to the Senate. See id., pp. 2936–40. In his letter, Chief Justice Maltbie expressed his concern that habeas appeals were being improperly utilized ''to delay the execution of the death sentence . . . .'' Id., p. 2938. Chief Justice Maltbie acknowledged that ''any effort to reduce such delays must be [weighed against] the necessity that nothing should be done [that] would in any way jeopardize the right of the innocent to the full protection of the law.'' Id., p. 2937. To balance these competing interests, Chief Justice Maltbie urged the adoption of the certification requirement. Id., p. 2939–40.

The role of the certification requirement in weeding out frivolous habeas appeals from meritorious ones is not unique to our state law. The federal courts also have a certification requirement, referred to as the certificate of appealability, 28 U.S.C. § 2253, from which we derived the *Simms II* criteria.[9] To obtain a certificate

[9] The dissenting opinion implies that our state certification requirement should be construed more broadly than its federal counterpart because of the state interest ''in preserving an orderly and efficient judicial process, in comity, in finality and in justice . . . .'' (Citation omitted; internal quotation marks omitted.) We agree that we are not *required* to construe § 52-470 (g) in a manner consistent with 28 U.S.C. § 2253, but the mere fact that we have the ability to adopt a different rule is not a reason to do so. Our research reveals that the purpose of our petition for certification and the federal certificate of appealability is the same—to reduce the filing of frivolous habeas appeals. See, e.g., *Barefoot* v. *Estelle*, 463 U.S. 880, 892–93, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983) (''[t]he primary means of separating meritorious from frivolous appeals should be the decision to grant or withhold a certificate of probable cause''); *Sengenberger* v. *Townsend*, 473 F.3d 914, 915 (9th Cir. 2006) (describing certificate of appealability as ''a mechanism . . . to monitor and preclude the taking of frivolous appeals''). Given the common purpose shared by these two provisions, and our history of construing § 52-470 (g) ''narrowly so as to preserve the commitment to justice that the writ of habeas corpus embodies''; *James L.* v. *Commissioner of Correction*, supra, 245 Conn. 137; we see no reason to depart from federal law in this respect.

of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c) (2) (2018); see footnote 3 of this opinion. Typically, a petitioner first seeks a certificate of appealability from a district court. See Fed. R. App. P. 22 (b) (1); see also C. Cutler, "Friendly Habeas Reform— Reconsidering a District Court's Threshold Role in the Appellate Habeas Process," 43 Willamette L. Rev. 281, 305 (2007) (noting that, under rule 22 of Federal Rules of Appellate Procedure, district courts serve "as the gateway through which a petitioner would first pass in habeas appeals"). If the certificate of appealability is denied, the petitioner then may seek a certificate of appealability from a federal court of appeals. See 28 U.S.C. § 2253 (a) (2018). The federal court of appeals will grant a certificate of appealability if the petitioner can demonstrate under the *Lozada* criteria that the issues are debatable among jurists of reason, can be resolved in a different manner, or deserve encouragement to proceed further. See *Lozada* v. *Deeds*, supra, 498 U.S. 432. In applying this standard, the federal courts of appeals will review issues raised for the first time on appeal if "there is (1) error (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." (Internal quotation marks omitted.) *Veal* v. *Jones*, 376 Fed. Appx. 809, 810 (10th Cir. 2010); see *Wallace* v. *Mississippi*, 43 F.4th 482, 496 (5th Cir. 2022) (Unpreserved habeas claims are reviewable under the plain error doctrine, which requires a petitioner to demonstrate "(1) a forfeited error; (2) that was plain (clear or obvious error, rather than one subject to reasonable dispute); and (3) that affected his substantial rights. . . . And (4), if he makes that showing, [the court has] the discretion to correct the reversible plain error, but generally should do so only if it seriously affect[s] the fairness, integrity or public repu-

Banks *v.* Commissioner of Correction

tation of judicial proceedings.'' (Citations omitted; internal quotation marks omitted.)); *Rodriguez* v. *Scillia,* 193 F.3d 913, 921 (7th Cir. 1999) (reviewing court can address claims not included in certificate of appealability if there is ''a substantial showing of the denial of a constitutional right''). Thus, 28 U.S.C. § 2253, like § 52-470 (g), does not preclude appellate review of unpreserved claims that were not included in the request for review submitted to the court that denied habeas relief, so long as those issues are nonfrivolous, affect substantial rights, and impact the fairness, integrity, or public reputation of judicial proceedings.[10]

Our conclusion that the certification requirement in § 52-470 (g) does not preclude plain error or *Golding* review of nonfrivolous, unpreserved claims in uncertified appeals also is consistent with the important judicial policies animating those doctrines. ''[T]he plain error doctrine is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice.'' (Citation omitted; internal quotation marks omitted.) *State* v. *McClain,* 324 Conn. 802, 812,

---

[10] The federal analogue is not perfect. The federal courts of appeals can grant a certificate of appealability under 28 U.S.C. § 2253, whereas a petition for certification to appeal in Connecticut can be granted only by ''the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator . . . .'' General Statutes § 52-470 (g). The respondent argues that ''[c]onsideration of an unpreserved claim in determining whether to issue a [certificate of appealability] is a wholly different question than that presented in this case, namely, the consideration of an unpreserved claim after a petition for certification has been denied . . . .'' We do not agree with the respondent's characterization because the standards for granting a certificate of appealability and for reviewing the denial of a petition for certification to appeal are the same under the *Lozada* and *Simms II* criteria. We therefore conclude that the federal comparison is apt and meaningful in this particular context.

Banks *v.* Commissioner of Correction

155 A.3d 209 (2017). Likewise, *Golding* "is a judicially created rule of reviewability designed to balance the twin policy goals of vindicating constitutional rights while ensuring fairness to the parties and the courts alike by safeguarding against the tactical use of unpreserved claims on appeal." *State* v. *Elson*, 311 Conn. 726, 748–49, 91 A.3d 862 (2014). We have explained that, "because constitutional claims implicate fundamental rights, it . . . would be unfair automatically and categorically to bar a defendant from raising a meritorious constitutional claim that warrants a new trial solely because the defendant failed to identify the violation at trial. *Golding* strikes an appropriate balance between these competing interests: the defendant may raise such a constitutional claim on appeal, and the appellate tribunal will review it, but only if the trial court record is adequate for appellate review."[11] (Internal quotation marks omitted.) Id., 749.

Lastly, our conclusion that the certification requirement in § 52-470 (g) does not categorically bar plain error or *Golding* review of unpreserved claims challenging the habeas court's handling of the habeas proceeding itself in uncertified appeals is consistent with the realities of habeas litigation.[12] We do not have access

_____

[11] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original; footnote omitted.) *State* v. *Golding*, supra, 213 Conn. 239–40; see *In re Yasiel R.*, supra, 317 Conn. 781 (modifying third prong of *Golding*). "The first two [prongs of *Golding*] involve a determination of whether the claim is reviewable; the second two . . . involve a determination of whether the defendant may prevail." (Internal quotation marks omitted.) *State* v. *Armadore*, 338 Conn. 407, 437, 258 A.3d 601 (2021).

[12] The dissenting opinion's conclusion to the contrary not only would leave a habeas petitioner who has a nonfrivolous claim under *Golding* or the plain error doctrine without any recourse by way of appeal, but also would place

Banks *v.* Commissioner of Correction

to any hard data on the issue, but it appears that the petition for certification to appeal, which must be submitted "within ten days after the case is decided"; General Statutes § 52-470 (g); often is filed without the assistance of counsel. See, e.g., *Cookish* v. *Commissioner of Correction*, supra, 337 Conn. 351–52 (petition for certification to appeal was filed by self-represented petitioner); *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 551–52, 223 A.3d 368 (2020) (same); *Howard* v. *Commissioner of Correction*, supra, 217 Conn. App. 123–24 (same); *Antonio A.* v. *Commissioner of Correction*, 205 Conn. App. 46, 59–60, 256 A.3d 684 (same), cert. denied, 339 Conn. 909, 261 A.3d 744 (2021); *Henderson* v. *Commissioner of Correction*, 181 Conn. App. 778, 793, 189 A.3d 135 (same), cert. denied, 329 Conn. 911, 186 A.3d 707 (2018); *Kowalyshyn* v. *Commissioner of Correction*, 155 Conn. App. 384, 387–88, 109 A.3d 963 (same), cert. denied, 316 Conn. 909, 111 A.3d 883 (2015); *Logan* v. *Commissioner of Correction*, 125 Conn. App. 744, 749, 9 A.3d 776 (2010) (same), cert. denied, 300 Conn. 918, 14 A.3d 333 (2011); *Lebron* v. *Commissioner of Correction*, 108 Conn. App. 245, 247, 947 A.2d 349 (same), cert. denied, 289 Conn. 921, 958 A.2d 151 (2008); see also footnote 5 of this opinion. Given the short span of time in which to research, formulate, and present proposed appellate issues to the habeas court, and the possible change in legal representation between the conclusion of the habeas court proceeding and the initiation of the appeal, it is reasonable to expect that colorable claims of plain or constitutional

such a petitioner in a worse position than one who has raised successive frivolous claims. This irrational and unjustifiable consequence would arise because the denial of a petition for certification to appeal may be appealed under § 52-470 (g), even if the claims raised in the petition are successive, frivolous, or specious, whereas meritorious claims involving the violation of constitutional rights or plain error that were not preserved or included in the petition for certification must, according to the view of the dissenting opinion, be dismissed. We will not construe the certification requirement in § 52-470 (g) to produce such an illogical outcome.

Banks *v.* Commissioner of Correction

error will sometimes fall through the cracks. Additionally, appellate oversight by "someone other than the judge hearing the habeas case is a significant protection of the rights that habeas corpus proceedings are intended to protect," particularly when the petitioner's claim is that the actions or omissions of the habeas court itself violated the petitioner's constitutional rights or rose to the level of plain error. *Simms* v. *Warden*, supra, 229 Conn. 186.

We emphasize that a petitioner raising an unpreserved claim that was not included in the petition for certification to appeal under the plain error doctrine or *Golding* must fulfill the burden of establishing that the habeas court's denial of the petition for certification to appeal was an abuse of discretion under the *Simms II* criteria.[13] See *Goguen* v. *Commissioner of Correction*,

[13] As a purely rhetorical matter, it is true that a habeas court cannot be said to have abused its discretion in denying a petition for certification to appeal if it was not asked to exercise its discretion to certify the unpreserved issue in the first place. See *Banks* v. *Commissioner of Correction*, supra, 205 Conn. App. 344 ("[t]he [habeas] court could not abuse its discretion in denying the petition for certification about matters that the petitioner never raised" (internal quotation marks omitted)). But this is a matter of semantics, not substance. The more accurate inquiry in this context is whether it *would have been* an abuse of discretion to deny the petition for certification to appeal if the unpreserved issue had been included in the petition for certification. See, e.g., *Cookish* v. *Commissioner of Correction*, supra, 337 Conn. 361 (concluding, with respect to unpreserved issue not included in petition for certification to appeal, that "the [habeas] court could have resolve[d] the [issue in a different manner] and, therefore, abused its discretion in denying the petitioner's petition for certification to appeal" (internal quotation marks omitted)); *Howard* v. *Commissioner of Correction*, supra, 217 Conn. App. 126 (concluding that unpreserved claim of procedural error in uncertified appeal "involve[d] issues that are debatable among jurists of reason, that a court could resolve the issues in a different manner, [or] that the questions are adequate to deserve encouragement to proceed further"). The inquiry, as reframed, defers to the habeas court's denial of the petition for certification to appeal and discourages frivolous appeals, while simultaneously permitting appellate review of colorable claims of plain and constitutional error in the habeas court's handling of the habeas proceeding itself, to avoid manifest injustice and to maintain public confidence in the fairness and integrity of habeas proceedings. Contrary to the view of the dissenting

Banks *v.* Commissioner of Correction

supra, 341 Conn. 513 ("[t]he petitioner may not simply disregard the requirement of *Simms II* and brief only the merits of the underlying claim without any effort to comply with the 'two part showing' required by *Simms II*, which includes the discrete question of whether the habeas court abused its discretion in denying certification"). As we recently explained in *Goguen*, a petitioner's burden under *Simms II* "at least to allege that [he or she is] entitled to appellate review because the habeas court abused its discretion in denying the petition for certification to appeal" is not an onerous one. Id., 524; see id., 523 ("although the burden of obtaining appellate review of the threshold question under *Simms* and its progeny is minimal, the petitioner must at least *allege* that the habeas court abused its discretion in denying the petition for certification to appeal" (emphasis in original)). The burden may be fulfilled in one of two ways. "First, the petitioner may strictly comply with the two part showing required by *Simms II* and expressly argue specific reasons why the habeas court abused its discretion in denying certification. Second, the petitioner may expressly allege that his [or her] argument on the merits demonstrates an abuse of discretion." Id., 523. Although the burden is not onerous, requiring compliance with the *Simms II* criteria provides petitioners with the requisite incentive to include their unpreserved claims in the petition for certification to appeal whenever possible.

For the foregoing reasons, we conclude that unpreserved claims challenging the habeas court's handling

opinion, the reframed inquiry is no more speculative than the traditional inquiry—in both instances a reviewing court is asking the same exact question, namely, whether the denial of certification was an abuse of discretion because "the issues are debatable among jurists of reason . . . a court *could* resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) *Simms* v. *Warden*, supra, 230 Conn. 616.

Banks *v.* Commissioner of Correction

of the habeas proceeding are reviewable under the plain error doctrine and *Golding*, despite the petitioner's failure to include such claims in the petition for certification to appeal denied by the habeas court, if the petitioner can demonstrate, consistent with *Simms II*, that the unpreserved claims involve issues that are debatable among jurists of reason, could be resolved in a different manner, or deserve encouragement to proceed further.[14] In the present case, the petitioner briefed and argued in the Appellate Court that the habeas court had abused its discretion in denying his petition for certification to appeal because his claim that the habeas court failed to fulfill its alleged duty to intervene to preserve the petitioner's constitutional and statutory rights was "debatable among jurists of reason, could be decided differently and deserve[s] encouragement to proceed." *Banks* v. *Commissioner of Correction*, Conn. Appellate Court Briefs & Appendices, March Term, 2021, Petitioner's Brief p. 5. The Appellate Court, however, did not address this issue before dismissing the petitioner's appeal. See *Banks* v. *Commissioner of Correction*, supra, 205 Conn. App. 342–43. Accordingly, we reverse the judgment of the Appellate Court and remand the case to that court for consideration of whether the petitioner fulfilled his burden of establishing that his *Golding* and plain error claims challenging

---

[14] To the extent that our conclusion is inconsistent with Appellate Court precedent holding that plain error or *Golding* review is unavailable for unpreserved claims challenging the actions or omissions of the habeas court following the denial of a petition for certification to appeal, we hereby disavow the reasoning of those cases. See, e.g., *Solek* v. *Commissioner of Correction*, 203 Conn. App. 289, 299, 248 A.3d 69, cert. denied, 336 Conn. 935, 248 A.3d 709 (2021); *Coleman* v. *Commissioner of Correction*, 202 Conn. App. 563, 569–71, 246 A.3d 54, cert. denied, 336 Conn. 922, 246 A.3d 2 (2021); *Whistnant* v. *Commissioner of Correction*, 199 Conn. App. 406, 418–19, 236 A.3d 276, cert. denied, 335 Conn. 969, 240 A.3d 286 (2020); *Villafane* v. *Commissioner of Correction*, 190 Conn. App. 566, 573–74, 211 A.3d 72, cert. denied, 333 Conn. 902, 215 A.3d 160 (2019); *Mercado* v. *Commissioner of Correction*, 85 Conn. App. 869, 872, 860 A.2d 270 (2004), cert. denied, 273 Conn. 908, 870 A.2d 1079 (2005).

347 Conn. 335 JULY, 2023 361

Banks *v.* Commissioner of Correction

the habeas court's handling of the habeas proceeding itself were nonfrivolous under the *Simms II* criteria.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings in accordance with this opinion.

In this opinion McDONALD and D'AURIA, Js., concurred.

ROBINSON, C. J., with whom MULLINS, J., joins, dissenting. I respectfully disagree with the majority's conclusion that General Statutes § 52-470 (g)[1] permits appellate review of unpreserved claims challenging a habeas court's handling of a proceeding under either the plain error doctrine[2] or *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015),[3]

---

[1] General Statutes § 52-470 (g) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

[2] "[The plain error] doctrine, codified at Practice Book § 60-5, is an extraordinary remedy used by appellate courts to rectify errors committed at trial that, although unpreserved, are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party." (Internal quotation marks omitted.) *State* v. *Blaine*, 334 Conn. 298, 305, 221 A.3d 798 (2019).

[3] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original; footnote omitted.) *State* v. *Golding*, supra, 213 Conn. 239–40; see *In re Yasiel R.*, supra, 317 Conn. 781 (modifying third prong of *Golding*).

Banks *v.* Commissioner of Correction

despite a petitioner's failure to provide the habeas court with notice of the claims, so long as those claims are nonfrivolous under *Simms* v. *Warden*, 230 Conn. 608, 612, 616, 646 A.2d 126 (1994) (*Simms II*). Instead, I agree with the Appellate Court's well reasoned opinion, in which it declined to review the unpreserved claims raised on appeal by the petitioner, Harold T. Banks, Jr., because they were not distinctly raised in the habeas proceeding or included in the petition for certification to appeal. *Banks* v. *Commissioner of Correction*, 205 Conn. App. 337, 345, 256 A.3d 726 (2021). Because I would affirm the judgment of the Appellate Court dismissing the petitioner's appeal, I respectfully dissent.

I note my agreement with the majority's recitation of the facts, procedural history, and governing legal principles, as set forth by, among other authorities, General Statutes § 1-2z and *Simms* v. *Warden*, supra, 230 Conn. 612–16. However, I believe that the majority's conclusion in this case is inconsistent with the purpose of § 52-470 (g), namely, "to reduce the number of appeals in criminal matters and [to] hasten ultimate justice without repetitive recourse to appeals"; *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 696, 699 A.2d 1003 (1997) (*Iovieno II*); as well as an abundance of precedent governing when appellate review in habeas cases is available under that statute. Because a petitioner must allege that, and explain how, a habeas court had abused its discretion in denying a petition for certification to appeal under § 52-470 (g); *Goguen* v. *Commissioner of Correction*, 341 Conn. 508, 512–13, 267 A.3d 831 (2021); appellate review is unavailable for claims not presented to the habeas court in the petition for certification or otherwise, insofar as a habeas court cannot abuse its discretion in denying a petition for certification regarding matters of which it never had notice.

Banks *v.* Commissioner of Correction

A brief review of the history of appeals in habeas cases is instructive. Although the writ of habeas corpus existed at common law, the denial of the writ was not reviewable either on appeal or by writ of error. *Carpenter* v. *Meachum*, 229 Conn. 193, 198–99, 640 A.2d 591 (1994). "[T]he unavailability of the writ of error in habeas cases may have stemmed from an understanding that habeas was a summary proceeding, even interlocutory in nature. Accordingly, appeal was denied in order to avoid unnecessary delays in reaching final judgment in the [case-in-chief]—usually the criminal prosecution of the petitioner." (Internal quotation marks omitted.) Id., 199; see id., 200 (noting that "[e]arly state court decisions" viewed "appellate review in habeas cases as wholly a creature of statute" (internal quotation marks omitted)). In 1882, the legislature provided a statutory right to appeal from the judgment of any trial court; see C. Schuman, "Habeas Reform: The Long and Winding Road," 86 Conn. B.J. 295, 309 (2012); and the Connnecticut Supreme Court of Errors first recognized the right to appeal from a habeas court judgment in 1891. See *Carpenter* v. *Meachum*, supra, 200 (discussing *Yudkin* v. *Gates*, 60 Conn. 426, 427, 22 A. 776 (1891), seminal case on habeas appeals, which held that "appellate jurisdiction to hear such an appeal depended [on] compliance with the [statutory] requirements").

In 1957, the legislature qualified the right to appeal from a habeas court's judgment by enacting what is now § 52-470 (g), which requires a petition for certification to appeal as a prerequisite to appellate review in habeas cases.[4] C. Schuman, supra, 86 Conn. B.J. 309. The legislature enacted § 52-470 (g) "to reduce the number of appeals in criminal matters and [to] hasten ultimate

---

[4] "Pursuant to No. 12-115, § 1, of the 2012 Public Acts, subsection (b) of § 52-470 was redesignated as subsection (g)." *Villafane* v. *Commissioner of Correction*, 190 Conn. App. 566, 572 n.1, 211 A.3d 72, cert. denied, 333 Conn. 902, 215 A.3d 160 (2019).

Banks *v.* Commissioner of Correction

justice without repetitive recourse to appeals.'' *Iovieno* v. *Commissioner of Correction*, supra, 242 Conn. 696; see 7 S. Proc., Pt. 5, 1957 Sess., p. 2936, remarks of Senator John H. Filer. A letter authored by former Chief Justice William M. Maltbie, which was read aloud on the Senate floor during debate on the bill, further illustrates the legislature's objective in enacting § 52-470 (g). That letter emphasized that ''nothing should be done [that] would in any way jeopardize the right of the innocent to the full protection of the law''; 7 S. Proc., supra, p. 2937; but Chief Justice Maltbie acknowledged that there is no ''constitutional [guarantee]'' to an appeal from a judgment on a writ of habeas corpus and that the writ of habeas corpus had been used to delay the execution of death sentences. Id., p. 2939.

In *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994) (*Simms I*), this court assumed that § 52-470 (g) implicated the jurisdiction of an appellate tribunal and held that a petitioner whose timely request for certification to appeal from the dismissal of his habeas petition was denied must demonstrate that the denial was an abuse of discretion to obtain appellate review of the claims raised in the petition. See id., 187–89; see also C. Schuman, supra, 86 Conn. B.J. 310–11 (observing that it had become common to appeal from denial of petition for certification to appeal given federal habeas exhaustion requirements and desire of attorneys representing state habeas petitioners to avoid claims of ineffective assistance of counsel). Subsequently, in *Simms II*, this court revisited the jurisdictional issue in *Simms I* and instead concluded that, because the legislature limited a then unconditional right to appeal in enacting § 52-470 (g), it ''intended the certification requirement only to define the scope of our review and not to limit the jurisdiction of the appellate tribunal.'' *Simms* v. *Warden*, supra, 230 Conn. 615. This court also considered the standards by which a possible abuse of discre-

Banks *v.* Commissioner of Correction

tion should be measured and held that a petitioner can establish a habeas court's abuse of discretion by demonstrating that "the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."[5] (Emphasis in original; internal quotation marks omitted.) Id., 616.

The test articulated in *Simms II* left unclear certain obligations of petitioners with respect to the making of the threshold showing of a habeas court's abuse of discretion. See *Goguen* v. *Commissioner of Correction*, supra, 341 Conn. 512. We emphasized the importance of that showing in our recent decision in *Goguen*, which held that the Appellate Court had properly dismissed a habeas appeal when the petitioner's brief addressed only the merits of the claim and did not include any analysis with respect to whether the habeas court had abused its discretion by denying certification to appeal. Id., 513. We held that, for the statutory mandate of § 52-470 (g) to retain any force at all, a petitioner, even one

_____

[5] Just a few short years after this court's decision in *Simms II*, this court decided *Iovieno II* and overruled its previous decision in *Iovieno* v. *Commissioner of Correction*, 222 Conn. 254, 608 A.2d 1174 (1992), which had held that "the habeas court was correct in concluding that it had no discretion to consider an untimely petition for certification to appeal." Id., 258. In *Iovieno II*, this court concluded that the ten day time limitation in § 52-470 (g) did not implicate the habeas court's subject matter jurisdiction to consider whether to allow an untimely appeal and that the habeas court retained the discretion to determine whether to entertain an untimely appeal. *Iovieno* v. *Commissioner of Correction*, supra, 242 Conn. 700. Former Chief Justice Callahan dissented in *Iovieno II*, noting the inconsistency between the *Simms* cases and *Iovieno II* and arguing that *Simms II* should instead be overruled. See id., 716–17 (*Callahan*, *C. J.*, dissenting). In doing so, he noted that, "to limit the scope of our review in accordance with the perceived legislative intent, the majority in *Simms II* created an initial hurdle for habeas petitioners who have not obtained certification to appeal by requiring those petitioners to prove that the [habeas] court from which certification was sought abused its discretion by not granting certification." (Internal quotation marks omitted.) Id., 716 (*Callahan*, *C. J.*, dissenting).

Banks *v.* Commissioner of Correction

who is self-represented, "must at least expressly allege and explain in his brief how the habeas court abused its discretion in denying certification. . . . The petitioner may not simply disregard the requirement of *Simms II* and brief only the merits of the underlying claim without any effort to comply with the 'two part showing' required by *Simms II*, which includes the discrete question of whether the habeas court abused its discretion in denying certification." Id., 512–13; see id., 522 (although merits of petitioner's appeal are relevant in determining whether habeas court abused its discretion, petitioners cannot "fail entirely to address that threshold issue and still obtain appellate review"). We emphasized that permitting a habeas petitioner to "obtain appellate review if he briefs *only* the merits of his underlying claims . . . would . . . eviscerate the limitations contained in § 52-470 [g]. In effect, the denial of the petition for certification could become an empty gesture, because one does not need to be prescient to foresee that every disappointed habeas petitioner could, once his petition for certification is denied, file or perfect a direct appeal under the same statute." (Emphasis added; internal quotation marks omitted.) Id., 522–23; see *Simms* v. *Warden*, supra, 229 Conn. 191–92 (*Borden, J.*, concurring) (noting that § 52-470 (g) "was enacted to limit appellate rights that previously existed" and that "the majority's implied invitation to appeal . . . could well eviscerate the limitations contained in" § 52-470 (g)).

The reasoning of *Goguen* and the purpose of § 52-470 (g) are consistent with the line of well established Appellate Court case law holding that "a petitioner cannot demonstrate that the habeas court abused its discretion in denying a petition for certification to appeal if the issue raised on appeal was *never raised before the court* at the time that it considered the petition for certification to appeal as a ground on which certifica-

Banks *v.* Commissioner of Correction

tion should be granted.'' (Emphasis added.) *Villafane* v. *Commissioner of Correction*, 190 Conn. App. 566, 573–74, 211 A.3d 72, cert. denied, 333 Conn. 902, 215 A.3d 160 (2019); see, e.g., *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 216–17, 72 A.3d 1162 (petitioner did not raise claim when asking court to rule on petition for certification to appeal), cert. denied, 310 Conn. 928, 78 A.3d 145 (2013). Reviewing claims not raised in the petition for certification to appeal ''would amount to an ambuscade of the [habeas] judge.'' (Internal quotation marks omitted.) *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 7, 790 A.2d 463, cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002); see id., 5–7 (declining to review unpreserved claim when petitioner failed to raise it in petition for certification to appeal or application for waiver of fees, costs and expenses and appointment of appellate counsel); see also *Foote* v. *Commissioner of Correction*, 151 Conn. App. 559, 571, 96 A.3d 587 (*Keller, J.*, concurring) (''[t]his principle is grounded in sound considerations related not only to the orderly progress of the trial, but in avoiding an appellate ambush of the habeas court which, at the time that it considers a petition under § 52-470 (g), reasonably may be expected to rely solely on those questions that have been brought to its attention by a petitioner seeking remedy by way of an appeal''), cert. denied, 314 Conn. 929, 102 A.3d 709 (2014), and cert. dismissed, 314 Conn. 929, 206 A.3d 764 (2014).

In support of its conclusion that the failure to raise a claim in the petition for certification is not necessarily fatal to a habeas appeal, the majority cites to ''[n]umerous additional cases [that] demonstrate our willingness to review unpreserved claims challenging the actions or omissions of the habeas court when the alleged errors violate the petitioner's constitutional rights or rise to the level of plain error, despite the petitioner's failure

Banks *v.* Commissioner of Correction

to include those claims in the petition for certification to appeal.'' I, however, am not persuaded that those decisions require this court to overrule nearly thirty years of Appellate Court case law holding that claims not raised before the habeas court either prior to or during the certification process, such as in the petition for certification, are unreviewable on appeal. See *Copeland* v. *Warden*, 26 Conn. App. 10, 13–14, 596 A.2d 477 (1991) (bypass under test set forth in *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 (1973), as reformulated in *Golding*, was inappropriate in habeas proceeding when habeas court did not rule on or decide claims), aff'd, 225 Conn. 46, 621 A.2d 1311 (1993). The cases cited by the majority are distinguishable because, in contrast to the present case, they did not involve claims of which the petitioner was aware, or should have been aware, before or during the certification process. See *Banks* v. *Commissioner of Correction*, supra, 205 Conn. App. 345 (noting that petitioner's claim of plain error in this certified appeal was based on events that occurred during his habeas trial).

To begin, I agree with the Appellate Court that this court's decision in *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 911 A.2d 712 (2006), ''is best limited to the unique facts of that case.'' *Banks* v. *Commissioner of Correction*, supra, 205 Conn. App. 345 n.5. In *Ajadi*, the petitioner, Rafiu Abimbola Ajadi, claimed that it was plain error for the habeas judge to preside over his petition for a writ of habeas corpus and his petition for certification to appeal because the judge's prior representation of Ajadi as an attorney should have disqualified him from adjudicating the case. See *Ajadi* v. *Commissioner of Correction*, supra, 522–25. The respondent argued in response that Ajadi had implicitly consented to the judge's improper participation by failing to timely object to the disqualification. Id., 524, 530. We disagreed, noting that Ajadi ''was not present at the

Banks *v.* Commissioner of Correction

hearing . . . and did not become aware of the identity of the habeas judge until *after* the habeas proceedings had concluded completely. Moreover, [Ajadi's] habeas counsel did not know . . . [or] have any reason to know . . . of [the judge's] prior representation of [Ajadi] until *after* the habeas proceedings had concluded completely.'' (Emphasis in original.) Id., 531. Based on the foregoing, we concluded that Ajadi did not implicitly consent to the judge's participation in his case. Id.

The Appellate Court, in *Foote* v. *Commissioner of Correction*, supra, 151 Conn. App. 566–69, and *Melendez* v. *Commissioner of Correction*, 141 Conn. App. 836, 841–44, 62 A.3d 629, cert. denied, 310 Conn. 921, 77 A.3d 143 (2013), afforded plain error review to claims that were not raised before the habeas court or listed in the petitioners' petitions for certification to appeal but, instead, were raised for the first time on appeal to the Appellate Court. In its decision in the present case, the Appellate Court limited the holdings of *Foote* and *Melendez* to their facts because ''the majority in *Foote* did not provide a reason for departing from the settled jurisprudence''; *Banks* v. *Commissioner of Correction*, supra, 205 Conn. App. 345 n.5; and, in *Melendez*, ''the court afforded plain error review of the petitioner's unpreserved claim with no discussion as to why it was doing so.'' Id., 344 n.3. Once again, I agree. Before addressing the plain error claim in *Melendez*, the Appellate Court notably recognized that ''[t]he petitioner did not raise his claim . . . before the habeas court and did not raise his claim of plain error in his petition for certification to appeal . . . . The court *could not abuse its discretion* in denying the petition for certification about matters that the petitioner never raised.'' (Emphasis added.) *Melendez* v. *Commissioner of Correction*, supra, 841.

Banks *v.* Commissioner of Correction

The majority aptly observes that, in *Moye* v. *Commissioner of Correction*, 316 Conn. 779, 780, 114 A.3d 925 (2015), this court "elaborated on 'the extent to which unpreserved constitutional claims may be reviewed on appeal in habeas actions.'" However, I note that this court denied *Golding* review of the unpreserved ineffective assistance of counsel claim of the petitioner, Marcus Moye, because it arose during Moye's criminal trial and not out of the actions or omissions of the habeas court itself; see id., 787; and, therefore, the claim "*could have* [*been*] *raised in his habeas petition.*" (Emphasis in original.) Id., 789. We additionally rejected Moye's contention that *Golding* review was available for "*any* constitutional claim on appeal that he could have properly raised in the habeas court"; (emphasis in original) id., 788; and noted that, "[i]f we were to allow *Golding* review under such circumstances, a habeas petitioner would be free to raise virtually any constitutional claim on appeal, regardless of what claims he raised in his habeas petition or what occurred at his habeas trial," which would "undermine the principle that a habeas petitioner is limited to the allegations in his petition, which are intended to put the [respondent] on notice of the claims made, to limit the issues to be decided, and to prevent surprise." (Internal quotation marks omitted.) Id., 789.

The majority cites other decisions that I find similarly unpersuasive to justify its departure from existing practice. They are distinguishable because they involve cases in which the petition for certification had been granted by the habeas court. See, e.g., *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 135–36, 712 A.2d 947 (1998) (appellate review was not limited to issues raised in respondent's petition for certification to appeal, which had been granted by habeas court); *Howard* v. *Commissioner of Correction*, 217 Conn. App. 119, 126 n.6, 287 A.3d 602 (2022) ("[u]nder these

circumstances . . . we conclude that the *petition reasonably may be interpreted so as to encompass the court's decision* to dismiss the petition sua sponte'' (citation omitted; emphasis added)); *Moye* v. *Commissioner of Correction*, 147 Conn. App. 325, 328, 81 A.3d 1222 (2013) (because court *granted petition* for certification, appellate review was not limited to issues presented in petition), aff'd, 316 Conn. 779, 114 A.3d 925 (2015).[6] Thus, I am not convinced that these cases compel this court to depart from the Appellate Court's long-standing holding that, by definition, a habeas court cannot abuse its discretion under the first prong of *Simms II* on an issue not put before that court. See *Covenant Medical Center, Inc.* v. *State Farm Mutual Automobile Ins. Co.*, 500 Mich. 191, 200–201, 895 N.W.2d 490 (2017) (''[a]lthough this [c]ourt is not in any way bound by the opinions of the [Michigan] Court of Appeals, [it] nevertheless tread[s] cautiously in considering whether to reject a long line of [case law] developed by our intermediate appellate court''); see also *In re Jorden R.*, 293 Conn. 539, 553, 979 A.2d 469 (2009) (''[e]arlier and recent Appellate Court case law is in accord with this interpretation'').

Furthermore, the majority acknowledges that ''a habeas court cannot be said to have abused its discretion in denying a petition for certification to appeal if it was not asked to exercise its discretion to certify the unpreserved issue in the first place,'' but it nevertheless frames the relevant inquiry on appeal as ''whether it

_____

[6] ''We are mindful . . . that [the legislature did not intend that], *following the granting of a petition for certification to appeal*, at least in the absence of demonstrable prejudice . . . the terms of the habeas court's grant of certification [would] be a limitation on the specific issues subject to appellate review.'' (Emphasis added; internal quotation marks omitted.) *Logan* v. *Commissioner of Correction*, 125 Conn. App. 744, 752–53 n.7, 9 A.3d 776 (2010), cert. denied, 300 Conn. 918, 14 A.3d 333 (2011); see *Whistnant* v. *Commissioner of Correction*, 199 Conn. App. 406, 419 n.11, 236 A.3d 276, cert. denied, 335 Conn. 969, 240 A.3d 286 (2020).

Banks *v.* Commissioner of Correction

*would have been* an abuse of discretion to deny the
petition for certification to appeal if the unpreserved
issue had been included in the petition for certification.''
(Emphasis in original.) Footnote 13 of the majority opin-
ion. I disagree. This speculative endeavor endorsed by
the majority stands in stark contrast to the ''limited task''
of this court and the Appellate Court, ''as . . . reviewing
court[s],'' when considering whether a habeas court
abused its discretion in denying an appeal, including
whether a petitioner raised his claims in the petition
for certification or otherwise alerted the habeas court
to the existence of the claim. *Henderson* v. *Commis-
sioner of Correction*, 181 Conn. App. 778, 792, 189 A.3d
135, cert. denied, 329 Conn. 911, 186 A.3d 707 (2018);
see *Peeler* v. *Commissioner of Correction*, 161 Conn.
App. 434, 460, 127 A.3d 1096 (2015) (''[i]n determining
whether the court improperly denied the petition for
certification with regard to the actual innocence claim
. . . it is appropriate that we limit our consideration
to that narrow issue, as it is the only aspect of the claim
[on] which the habeas court was asked to exercise
its discretion'').

The majority's reliance on federal case law interpre-
ting the certificate of appealability in federal habeas
cases under 28 U.S.C. § 2253,[7] from which we derived
the *Simms II* criteria, is similarly misplaced. See *Simms*
v. *Warden*, supra, 230 Conn. 615–16; see also *Lozada*

---

[7] Section 2253 (c) of title 28 of the 2018 edition of the United States
Code provides: ''(1) Unless a circuit justice or judge issues a certificate of
appealability, an appeal may not be taken to the court of appeals from—(A)
the final order in a habeas corpus proceeding in which the detention com-
plained of arises out of process issued by a State court; or (B) the final
order in a proceeding under section 2255.

''(2) A certificate of appealability may issue under paragraph (1) only if
the applicant has made a substantial showing of the denial of a constitu-
tional right.

''(3) The certificate of appealability under paragraph (1) shall indicate
which specific issue or issues satisfy the showing required by paragraph (2).''

v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). Permitting review of claims a petitioner did not raise before the habeas court is inconsistent with our recent decision in *Goguen*, which recognized that "[p]ermitting appellants to bypass the *Simms II* requirements would be inconsistent with the legislative intent of reducing the burden on the appellate system," and that the default rule is that a petitioner "is not entitled to appellate review of his claims unless he demonstrates that the habeas court abused its discretion in denying certification." *Goguen* v. *Commissioner of Correction*, supra, 341 Conn. 523–24. The abundance of Appellate Court case law is clear that "a petitioner cannot demonstrate that the habeas court abused its discretion in denying a petition for certification to appeal if the issue raised on appeal was never raised before the court . . . ." (Internal quotation marks omitted.) *Lewis* v. *Commissioner of Correction*, 211 Conn. App. 77, 93, 271 A.3d 1058, cert. denied, 343 Conn. 924, 275 A.3d 1213, cert. denied sub nom. *Lewis* v. *Quiros*,    U.S.    , 143 S. Ct. 335, 214 L. Ed. 2d 150 (2022); see *Foote* v. *Commissioner of Correction*, supra, 151 Conn. App. 571 (*Keller, J.*, concurring).

Moreover, in the habeas context, a state's particular interest is "in preserving an orderly and efficient judicial process, in comity, in finality and in justice"; K. Maniscalco, "Current Habeas Corpus Issues," 15 New Eng. J. on Crim. & Civ. Confinement 1, 1 (1989); and, consistent with this rationale, the certification requirement in § 52-470 (g) serves "to reduce successive frivolous appeals in criminal matters and [to] hasten ultimate justice . . . ." 7 S. Proc., supra, p. 2936, remarks of Senator Filer. Likewise, this court has recognized that, in enacting § 52-470 (g), the legislature desired "to limit the number of appeals filed in criminal cases and [to] hasten the final conclusion of the criminal justice process . . . ." *Iovieno* v. *Commissioner of Correction*,

supra, 242 Conn. 699; see id., 696. It still holds true today that § 52-470 (g) acts as a limitation on the scope of review on appeals from a habeas court's denial of petition for certification to appeal. See, e.g., *Whistnant* v. *Commissioner of Correction*, 199 Conn. App. 406, 414, 236 A.3d 276, cert. denied, 335 Conn. 969, 240 A.3d 286 (2020). Because "[o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature"; (internal quotation marks omitted) *Cerame* v. *Lamont*, 346 Conn. 422, 426, 291 A.3d 601 (2023); the majority's conclusion that petitioners can raise on appeal unpreserved plain error or *Golding* claims that were not raised in their petition for certification or before the habeas court "expands the scope of review and thwarts the goals that the legislature sought to achieve by enacting § 52-470 (g)." *Foote* v. *Commissioner of Correction*, supra, 151 Conn. App. 573–74 (*Keller, J.*, concurring); see *Whistnant* v. *Commissioner of Correction*, supra, 418–19 ("[p]ermitting a habeas petitioner, in an appeal from a habeas judgment following the denial of a petition for certification to appeal, to seek *Golding* review of a claim that was not raised in, or incorporated into, the petition for certification to appeal would circumvent the requirements of § 52-470 (g) and undermine the goals that the legislature sought to achieve in enacting § 52-470 (g)").

Our limited task as a reviewing court in these situations is to determine only whether the habeas court abused its discretion in concluding that the petitioner's appeal is frivolous, and, if so, whether the judgment of the habeas court should be reversed on its merits. See *Simms* v. *Warden*, supra, 230 Conn. 612. Indeed, "[a]buse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned [on] the obtaining of the trial court's permission"; id.; and "[i]nherent . . . in the concept of judicial discretion is

Banks *v.* Commissioner of Correction

the idea of choice and a determination between competing considerations.'' (Internal quotation marks omitted.) *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, 310 Conn. 38, 55, 74 A.3d 1212 (2013). ''*Because it is impossible to review an exercise of discretion that did not occur,* [*appellate courts*] *are confined to reviewing only those issues* [*that*] *were brought to the habeas court's attention in the petition for certification to appeal.*'' (Emphasis in original; internal quotation marks omitted.) *Henderson* v. *Commissioner of Correction*, supra, 181 Conn. App. 792. By definition, then, a habeas court cannot abuse its discretionary, decision-making authority when no notice is provided to the court and when the issue was never raised for decision making in the first instance. By permitting unpreserved plain error or *Golding* review, petitioners, who have been denied certification to appeal, are invited ''to circumvent the bounds of limited review simply by couching wholly unpreserved claims [in terms of] plain error.'' *Foote* v. *Commissioner of Correction*, supra, 151 Conn. App. 574 (*Keller, J.*, concurring). ''There seems to be little point'' to the certification requirement if petitioners can nevertheless raise on appeal any unpreserved claims challenging the habeas court's handling of a proceeding under the plain error doctrine or *Golding*. C. Schuman, supra, 86 Conn. B.J. 311.

Although the majority states that, ''[f]rom a procedural standpoint, raising on appeal an unpreserved constitutional claim that arose during a habeas trial is no different from raising on direct appeal an unpreserved constitutional claim that arose during a criminal trial''; (internal quotation marks omitted); a habeas appeal following the denial of a petition for certification ''is not the appellate equivalent of a direct appeal from a criminal conviction.'' (Internal quotation marks omitted.) *Damato* v. *Commissioner of Correction*, 156 Conn. App. 165, 168, 113 A.3d 449, cert. denied, 317

Banks *v.* Commissioner of Correction

Conn. 902, 114 A.3d 167 (2015); see *Goguen* v. *Commissioner of Correction*, supra, 341 Conn. 525 (allowing petitioner to bypass allegation that habeas court had abused its discretion would "render the *Simms* [*II*] two part test meaningless, given that a denial of certification would be treated no differently from a grant of certification; i.e., in either scenario, all that is required would be to brief solely the merits of the underlying claim").

Although a petition for certification to appeal is often filed without the assistance of counsel, and, therefore, "courts should review habeas petitions with a lenient eye"; (internal quotation marks omitted) *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 560, 223 A.3d 368 (2020); "the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law. . . . A habeas court does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised." (Internal quotation marks omitted.) *Henderson* v. *Commissioner of Correction*, supra, 181 Conn. App. 793; see *Villafane* v. *Commissioner of Correction*, supra, 190 Conn. App. 573–74; see also id., 578 n.2 ("a petitioner's decision not to include an issue in his petition for certification to appeal that was preserved during the habeas trial itself is more akin to abandoning the claim").[8]

Contrary to the majority, because I am unpersuaded that our decisions subsequent to *Simms II* require us to

[8] I am cognizant of the fact that, in some situations, habeas counsel may omit a claim from a petition for certification through no fault of the petitioner. Consistent with the principal purpose of the writ of habeas corpus, namely, "to serve as a bulwark against convictions that violate fundamental fairness"; (internal quotation marks omitted) *Luurtsema* v. *Commissioner of Correction*, 299 Conn. 740, 758, 12 A.3d 817 (2011); "habeas on habeas" challenges remain available to petitioners when habeas counsel fails to include a claim for review in the petition for certification. *Kaddah* v. *Commissioner of Correction*, 324 Conn. 548, 554, 153 A.3d 1233 (2017); see, e.g., *Lozada* v. *Warden*, 223 Conn. 834, 845, 613 A.2d 818 (1992) ("a person convicted of a crime is entitled to seek a writ of habeas corpus on the ground that his attorney in his prior habeas proceeding rendered ineffective assistance").

overrule existing Appellate Court case law, and because the legislative history of § 52-470 (g) demonstrates that the statutory certification requirement bars appellate review of unpreserved claims in uncertified appeals under the plain error doctrine and *Golding* when a petitioner fails to raise them before a habeas court prior to or during the certification process, I conclude that the Appellate Court properly dismissed the petitioner's appeal.

Because I would affirm the judgment of the Appellate Court, I respectfully dissent.

———————————————